UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62555-CIV-RUIZ/STRAUSS

GLORIA IRIS MORENO TIPPENHAVER,

    Plaintiff,

vs.

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** has come before me upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion"). (DE 3). This matter has been referred to me for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636(c). (DE 2).

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vermont Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citations omitted)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364

F.3d at 1307. "The Department of Health and Human Services (HHS) poverty guidelines[1] are central to an assessment of an applicant's poverty." *Ryan v. Comm'r of Soc. Sec.*, No. 16-CV-61716, 2016 WL 10953761, at *1 (S.D. Fla. July 20, 2016) (citations omitted). A plaintiff, however, need not be "absolutely destitute." *Martinez*, 364 F.3d at 1307. Indeed, the court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 Fed. App'x 916, 917 (11th Cir. 2014).

Here, Plaintiff has filed a long form affidavit in support of the Motion. (DE 3). Plaintiff's affidavit establishes a monthly household income of $924 comprised soley of public-assistance of $204 and retirement of $720, no assets, no bank account, and no debt. *Id.* Plaintiff reports household expenses totaling $949: $450 for rent, $130 for utilities, $204 for food, $14 for medical and dental, $91 for motor vehicle and $60 for gasoline. Plaintiff explains that sometimes the monthly expenses exceed the monthly income and the household pays what is possible to pay. *Id.* Based on the foregoing, the undersigned concludes that Plaintiff has established the poverty requirement of 28 U.S.C. § 1915(a).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (DE 3) is **GRANTED**.[2]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of December 2020.



Jared M. Strauss
United States Magistrate Judge

---

[1] *See* HHS Poverty Guidelines for 2020, available at https://aspe.hhs.gov/poverty-guidelines.

[2] Plaintiff's Counsel provides notice that her office will effectuate service and requests that the Clerk not forward the summons and complaint to the United States Marshals Service. (DE 1-3).